UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 11-81-DLB

SCOTT SPENCER, in his capacity as PLAN,                                               PLAINTIFF,
ADMINISTRATOR FOR THE NATIONAL
RURAL ELECTRIC COOPERATIVE
ASSOCIATION BENEFITS PROGRAM


V.                    **MAGISTRATE JUDGE'S REPORT**
                            **AND RECOMMENDATION**


JOHN D. LITTLETON,                                                                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to rule on all nondispositive motions, including Defendant's motion for leave to file an answer and response to the Plaintiff's motion for default judgment. [Rs. 10, 12].[1] The time for Plaintiff to file a response having expired, and the Court being otherwise sufficiently advised, it is recommended that the Defendant's motion be granted.

The Plaintiff in this matter filed a complaint on August 2, 2011. [R. 1]. The complaint alleges that Littleton was a participant in the National Rural Electric Cooperative Association Benefits Program ("the Plan") as a result of his employment with Grayson Rural Electric Cooperative Corporation. The Plan is an employee welfare benefit plan governed by the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"). In

---

[1] A motion to set aside default and default judgment has been found to be a dispositive issue. See Victoria's Secret Stores v. Artco Equip. Co., Inc., 194 F.Supp.2d 704, 714-15 (S.D. Ohio 2002). Accordingly, the undersigned is limited to making proposed findings and a recommended disposition.

September 2008, Littleton submitted a claim for long term disability benefits under the Plan, which was granted on December 2, 2008. [Id. at 2]. The Plan contains an offset provision under which Plan benefits are reduced by the Social Security Disability Income ("SSDI") benefits a participant receives. [Id.]. In conjunction with his receipt of benefits, Littleton agreed to reimburse the Plan for any overpayment of benefits that might occur as the result of a retroactive SSDI award. [Id. at 3]. In September 2010, Littleton advised the Plan administrator that he had been awarded SSDI benefits. [Id. at 4]. The complaint alleges that Littleton failed to provide the Plan administrator with a copy of his Social Security award documentation, failed to reimburse the Plan for the SSDI overpayment in accordance with the agreement, and continues to refuse to reimburse the overpayment. [Id.]. Pursuant to 29 U.S.C. § 1132, Plaintiff claims that Littleton is liable to the Plan for the entire amount of SSDI overpayment plus 8% interest and the Plan's attorney's fees. [Id. at 5].

Littleton was served with a summons and a copy of the complaint October 8, 2011. [R. 5]. He failed to file an answer within 21 days as required by Federal Rule of Civil Procedure 12(a)(1)(A)(I). Pursuant to Rule 55(a), the Clerk of Court entered a default on November 14, 2011. [R. 7]. Following the entry of default, the Plaintiff moved for a Default Judgment, which was granted on November 16, 2011. The Court imposed a judgment against the Defendant in the amount of $51, 864.00. [R. 9]. On that same date, Defendant filed the present *pro se* motion seeking leave to file an answer and responding in opposition to the Plaintiff's motion for default judgment. [R. 10]. In addition to seeking leave to file an answer, the Court will construe Plaintiff's *pro se* motion as seeking to set aside the default judgment.

Rule 55(c) states that the "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." When determining whether a defendant has shown good cause for setting aside default, the Court considers three equitable factors: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." Burrell v. Henderson, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)).

When default has ripened into a default judgment, courts consider these same factors in deciding whether to set aside the judgment, but "the standard for applying them ... is more demanding ... ." Dassault Systems, SA v. Childress, – F.3d –, 2011 WL 6157308, *3 (6th Cir. Dec. 13, 2011). The "culpability factor is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" Waifersong, 976 F.2d at 292 (quoting Fed. R. Civ. P. 60(b)(1)). Although public policy favors the finality of judgments, including default judgments, "the competing policy consideration that values the disposition of cases on their merits dictates that the court 'should ... construe[ ] all ambiguous or disputed facts in the light most favorable to the defendant[ ].'" Burrell, 434 F.3d at 832 (quoting INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 398 (6th Cir.1987)). "Courts apply Rule 60(b)(1) 'equitably and liberally ... to achieve substantial justice.'" Id. (quoting Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003)). "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." Id.

Although the Defendant does not specifically address any of the relevant factors the Court must consider, Local Rule 7.1(c) states that a party's "[f]ailure to timely respond to a motion may be grounds for granting the motion." Here, the Plaintiff has not filed a response to Littleton's motion, which alone would be sufficient grounds to grant the motion. In addition, the Court notes that the Defendant's delay in filing an answer is only about two weeks, and it does not appear that such a delay would prejudice the Plaintiff. Furthermore, the Defendant in this case is not represented by counsel. The Court finds no indication that the Defendant's delay was for the purpose of obtaining a strategic advantage or was prompted by some other bad faith motive. For these reasons, and in the interests of fairness,

IT IS RECOMMENDED AS FOLLOWS:

(1) Defendant's Motion for Leave to File Late Answer [R. 10] be GRANTED and the Clerk of Court file Defendant's proposed answer; and

(2) The entry of default [R. 7] and default judgment [R. 9] be SET ASIDE.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Signed December 16, 2011.

